**DAVID TYKULSKER, ESQ. (2609)**
**DAVID TYKULSKER & ASSOCIATES**
**161 WALNUT STREET**
**MONTCLAIR, NJ 07042**
**(973) 509-9292**
**(973) 509-1181 (FAX)**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| E.S., by and through her parents and guardians, To.S. and Ti.S., individually, on behalf of similarly situated individuals, and derivatively on behalf of the MARSH & MCLENNAN COMPANIES, HEALTH & WELFARE BENEFITS PROGRAM, <br><br> Plaintiff, <br><br> vs. <br><br> MARSH & MCLENNAN COMPANIES, INC. BENEFITS ADMINISTRATION COMMITTEE THE MARSH & MCLENNAN COMPANIES HEALTH & WELFARE BENEFITS PROGRAM, MARSH & MCLENNAN COMPANIES, INC., AND AETNA LIFE INSURANCE COMPANY <br><br> Defendants. | Civil Action No. <br><br><br><br> **COMPLAINT** <br> (CLASS ACTION) |

## I.  PARTIES

1. ***E.S.***  Plaintiff E.S. is the seventeen-year-old daughter and dependent of To.S. and Ti.S. and resides in Kitsap County, Washington. E.S. is a beneficiary, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8), of Marsh & McLennan Companies Health & Welfare Plan, of which her $1,500 Deductible Plan is a component benefit. E.S.'s health coverage is through To.S.'s employment.

1

2.     ***Marsh & McLennan Companies Health & Welfare Benefits Program.*** The Marsh McLennan Companies Health & Welfare Benefits Program (hereinafter, the "Plan") provides component benefits under a single Plan and is an employee welfare benefit plan under the Employment Retirement Security of Act of 1974 ("ERISA"). The Plan included in 2016, as a component benefit, the $350, $800, $1,500 and $2,850 Deductible Plans. Based upon information and belief, the schedules of benefits in the Deductible Plans differ only in the amount of deductible, and, at least as administered by Aetna, the claims administrator, provide the same terms and conditions for coverage, regardless of the deductible amount. In addition, based upon information and belief, the various component schedules of benefits have changed their names in 2017 to reflect changes in the amount of deductible, but are, for all other purposes, the same component schedules of benefits under the Plan.

3.     ***Marsh & McLennan Companies, Inc. Benefits Administration Committee.*** According to the Plan Document, the Marsh & McLennan Companies, Inc. Benefits Administration Committee is the "Plan Administrator" and is a named fiduciary under ERISA.  According to the Plan document, the Plan Administrator has "full discretion and authority to control and manage the operation and administration of each individual welfare plans that form the Marsh & McLennan Health & Welfare Benefits Program except to the extent authority has been granted to the Claims Administrator [Aetna] for adjudication of claims under such welfare plans."  The Marsh & McLennan Companies, Inc. Benefits Administration Committee is located in Hoboken, New Jersey.

4.     ***Marsh & McLennan Companies, Inc.*** According to the Plan Document, the Marsh & McLennan Companies, Inc. is the "Plan Sponsor" and is a named fiduciary under ERISA. The Marsh & McLennan Companies, Inc. is located in Hoboken, New Jersey.

5.     ***Aetna Life Insurance Company.*** According to the Plan Document, Aetna Life Insurance Company ("Aetna") is the Claims Administrator for at least some of the

component benefits in the Plan, including the component benefit in which E.S. is enrolled. According to the Plan document, Aetna, as the Claims Administrator, is a fiduciary related to the adjudication of claims for benefits that it administers.

6. The Plan, Marsh & McLennan Companies, Inc. Benefits Administration Committee, Marsh & McLennan Companies, Inc. and Aetna shall be collectively referred to as Defendants."

## II.  JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

8. Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, a defendant resides or may be found in this district.

## III.  NATURE OF THE CASE

9. The Plan document purports to cover medically necessary out-of-network residential psychiatric treatment albeit such coverage is provided at a lower percentage than in-network treatment. E.S. seeks to end the Defendants' standard practice of excluding coverage of medically necessary residential psychiatric treatment based upon a hidden, "administrative" exclusion.

10. When E.S. sought coverage for medically necessary treatment at a properly licensed out-of-network residential psychiatric treatment facility, Defendants denied coverage, claiming that the treatment was excluded under the terms of the Plan. Defendants did not dispute that the treatment was medically necessary. Rather, Defendants asserted that the out-of-network treatment facility did not meet staffing and credentialing required by the Plan document. A true copy of the Plan document is attached as Exhibit A to this Complaint.

11.     The exclusion relied upon by Defendants to deny E.S.'s request for coverage is not part of the "terms" of the Plan document.  The exclusion does not appear in the Plan document at all.

12.     The Defendants' use of a hidden, undisclosed exclusion that is not part of the Plan document is arbitrary and capricious.  Exclusions must be "conspicuous, clear and plain" in order to be applied.  Exclusions that are not codified as part of the "terms of the Plan" are unenforceable.

13.     The use of a hidden exclusion to limit access to psychiatric treatment also violates the federal Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008, 29 U.S.C. § 1185a, commonly known as the Federal Parity Act.  The Federal Parity Act requires that the exclusions and limitations imposed on mental health services be "no more restrictive" than those applied to substantially all medical and surgical benefits.  *See* 29 U.S.C. § 1185a(a)(3)(A)(ii).  The hidden exclusion is not applied to medical/surgical services, such as skilled nursing facilities.

14.     Defendants' application of a hidden exclusion based upon a provider's lack of credentials other than state licensure or certification also violates the provider non-discrimination provision of the Affordable Care Act.  42 U.S.C. § 300gg-5(a); 29 U.S.C. §1185d. This provision prohibits Defendants from discriminating against a health care provider that is acting within the scope of the provider's license under applicable state law.  *Id.*

15.     Defendants' exclusion of medically necessary residential psychiatric treatment based upon a hidden exclusion not present in the Plan, violates ERISA.  It also violates both the Federal Parity Act and the Affordable Care Act, whose requirements are incorporated in to the "terms of the Plan."   To the extent Defendants systematically and uniformly applied this exclusion to Plan participants and beneficiaries, they breached their  fiduciary duties to Plaintiff and other members of the proposed Class.

16. This lawsuit seeks remedies under ERISA arising out of Defendants' failure to comply with the terms of the Plan and applicable federal law. It further seeks to recover the benefits that have been wrongfully denied to E.S. and the class she seeks to represent. It also seeks a court order declaring the Defendants' hidden and discriminatory exclusion illegal and void. The lawsuit further seeks an injunction to prevent any future or ongoing efforts by Defendants to use and enforce the same or similar hidden, discriminatory exclusions. Finally, it seeks to require Defendants to provide accurate information to all participants concerning the coverage of out-of-network residential psychiatric treatment services under the Plan.

### IV.  CLASS ALLEGATIONS

17. *Definition of Class*. E.S. proposes the following class:

   All individuals:

   (1) who have been, are, or will be participants or beneficiaries in the Marsh McLennan Companies Health & Welfare Benefit Programs administered by Aetna at any time since January 1, 2014 and/or the relevant statute of limitations;

   (2) who have received, require, or are expected to require out-of-network residential psychiatric treatment services; and

   (3) whose request for coverage of the out-of-network residential psychiatric treatment was "administratively excluded" based upon requirements that are not part of the terms of the Plan document.

18. *Size of Class*. The Class of persons who have received, require or are expected to require residential psychiatric treatment services is expected to number over 40 individuals and is so large that joinder of all members is impracticable.

19. *Class Representative E.S.* Named plaintiff E.S. is an enrollee in the Plan. E.S. is diagnosed with a psychiatric condition that required medically necessary treatment at an out-of-network residential psychiatric treatment facility. Defendants denied E.S.'s request for coverage of her out-of-network residential psychiatric

treatment as "administratively excluded" under the Plan, even though the exclusion is not part of the Plan document. Her claims are typical of the claims of the other members of the Class, and through her parents, she will fairly and adequately represent the interests of this class.

20. ***Common Questions of Law and Fact.*** This action requires a determination of whether the Defendants' application of a hidden exclusion to deny coverage of out-of-network treatment facilities violates the Federal Parity Act, the Affordable Care Act and the terms of the Plan as modified by applicable federal law. Adjudication of this issue will in turn determine whether the Defendants are liable under ERISA for their conduct.

21. ***Separate suits would create risk of varying conduct requirements.*** The prosecution of separate actions by class members against the Plan would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct. Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(1).

22. ***Defendants have acted on grounds generally applicable to the Class.*** Defendants, by applying policies and practices that result in the improper exclusion of out-of-network coverage of residential psychiatric treatment services, have acted on grounds generally applicable to the Class, rendering declaratory relief appropriate respecting the entire class. Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(2).

23. ***Questions of law and fact common to the class predominate over individual issues.*** Issues as to the Defendants' conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to individual members of the Class. The claims of the individual Class members are more efficiently adjudicated on a class-wide basis. Any interest that individual members of the classes may have in individually controlling the prosecution of separate

actions is outweighed by the efficiency of the class action mechanism. Certification is therefore additionally proper under Federal Rule of Civil Procedure 23(b)(3).

24. *No pending class action.* Upon information and belief, there is no pending class action suit filed against these defendant for the same relief requested in this action, for a class of ERISA insureds.

25. *Venue.* This action can be most efficiently prosecuted as a class action in the District of New Jersey, where Defendants are located.

26. *Class Counsel*. E.S. has retained experienced and competent class counsel.

## V. FACTUAL BACKGROUND

27. During certain time periods, E.S. and members of the Class have been, are or will be participants or beneficiaries of the Plan, which is subject to ERISA pursuant to 29 U.S.C. § 1003.

28. Since October 3, 2009, and continuing to the present, E.S. and other members of the Class have been diagnosed with psychiatric conditions that are covered by the federal Mental Health Parity Act.

29. Since January 1, 2014 and continuing to the present, E.S. and other members of the Class have sought treatment from or may in the future require treatment at out-of-network residential psychiatric treatment facilities.

30. E.S. and other members of the class have required, currently require or will require medically necessary out-of-network residential psychiatric treatment services. As defined by the Plan and relevant state and federal law, these services are "mental health services." Defendants, however, have denied coverage of such treatment through the application of a hidden exclusion that does not exist in the Plan document.

31.     The application of this hidden exclusion is arbitrary and capricious.  It is also not "at parity" with the Plan's coverage of medical/surgical services.  The application of the hidden exclusion also discriminates against providers who are acting within the scope of their license or certification.

32.      As a result, E.S. and other members of the Class have paid for out-of-network residential psychiatric treatment services out of their own pockets, or face the imminent threat that they will have to do so in the near future.  Other Class members have been forced to forgo needed treatment due to the Defendants' conduct.

33.     In light of the established Plan documents, statements and written representations by the Defendants to the parents of E.S. and other members of the Class, any attempt by Class members to pursue administrative remedies is futile.  Nonetheless, E.S. has completed the internal appeal process within the Plan over its application of a hidden exclusion of coverage for residential psychiatric treatment, to no avail.  She exhausted her administrative remedies on September 30, 2016.

## VI.  CLAIMS FOR RELIEF

**FIRST CLAIM:**
**BREACH OF FIDUCIARY DUTIES**
**ERISA § 404(a)(1); §502(a)(2), 29 U.S.C. § 1104(a)**

34.     E.S. re-alleges all paragraphs above.

35.     Defendant Marsh & McLennan Companies, Inc. Benefits Administration Committee is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it is the Plan Administrator and exercises discretionary authority or discretionary control with respect to the Plan.

36.     Defendant Marsh & McLennan Companies, Inc. is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it is the Plan Sponsor and exercises discretionary authority or discretionary control with respect to the Plan.

37. Defendant Aetna is a fiduciary under ERISA because it has been delegated discretionary authority to make claims determinations, and exercised that discretionary authority to adjudicate claims submitted on behalf of E.S. and members of the Class.

38. ERISA imposes strict fiduciary duties upon plan fiduciaries. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

39. ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

40. The terms of an ERISA plan include applicable provisions of substantive law, such as the requirements in the Federal Parity Act and certain provisions of the Affordable Care Act. Defendants have failed to comply with the terms of the Plan, which include the applicable requirements of the Federal Parity Act, the Affordable Care Act and their implementing regulations. Under ERISA, Defendants have both a fiduciary and a legal duty to ensure that the Plan complies with the applicable federal law.

41. Defendants violated their obligations under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), by failing to act in accordance with the documents and instruments

governing the Plan, as governed by applicable federal law, and thereby breached their fiduciary duties to the Plan, E.S. and all Class members.

42.  As a direct and proximate result of these acts and omissions, E.S., Class members and the Plan have suffered harm and losses and are entitled to relief under ERISA against Defendants.

43.  E.S., Class members and the Plan seek recovery of all losses to the Plan, including, but not limited to, relief compelling Defendants to restore to the Plan all losses, including interest, arising from the breaches of fiduciary duties when treatment required by the terms of the Plan as governed by the Federal Parity Act and the Affordable Care Act was denied.

**SECOND CLAIM:**
**CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS UNDER TERMS OF THE PLANS AND CLARIFICATION OF RIGHT TO FUTURE BENEFITS UNDER THE PLAN**
**ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

44.  E.S. re-alleges all the paragraphs above.

45.  ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary may bring an action to "recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan."

46.  E.S. and the Class are entitled to recover benefits due them under the terms of the Plan.  They are also entitled to a declaration of present and future rights to coverage of medically necessary out-of-network residential psychiatric treatment services without the application of hidden, invalid exclusions.

**THIRD CLAIM:**
**CLAIM TO ENJOIN ACTS AND PRACTICES IN VIOLATION OF THE TERMS OF THE PLANS, TO OBTAIN OTHER EQUITABLE RELIEF AND TO ENFORCE THE TERMS OF THE PLANS**
**ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

47.  E.S. re-alleges all the paragraphs above.

48. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan."  E.S. and the Class seek to enjoin Defendants from continuing to apply a hidden, illegal exclusion on out-of-network residential psychiatric treatment services.  E.S. and the Class also seek to have Defendants provide the Class with corrective notice and reformation of the relevant Plan documents.

49. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms.  To the extent full relief is not available under ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B) or ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), then E.S. and the Class seek equitable remedies including, without limitation, unjust enrichment, disgorgement, restitution, surcharge and consequential damages arising out of the Defendants' failure to administer the terms of the Plan as governed by the applicable provisions of the Federal Parity Act and the Affordable Care Act.

### VII.  DEMAND FOR RELIEF

WHEREFORE, E.S. requests that this Court:

1. Certify this case as a class action, designate named plaintiff E.S., by and through her parents, as class representative, and designate SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Richard E. Spoonemore, and Eleanor Hamburger and DAVID TYKULSKER & ASSOCIATES, David Tykulsker as class counsel;

2. Enter judgment on behalf of the Plan, E.S. and the Class for harms and losses sustained by such Plan due to Defendants' breaches of fiduciary duty and failure to pay Plan benefits;

3.  Declare that Defendants may not apply the hidden exclusion of certain out-of-network residential psychiatric treatment services, since such exclusions and/or limitations are not predominantly applied to medical and surgical services;

4.  Enjoin Defendants from further violations of the terms of the Plan as modified by the Federal Parity Act and certain provisions of the Affordable Care Act;

5.  Enter judgment in favor of E.S. and the Class for damages in an amount to be proven at trial due to the failure to provide benefits due under the Plan as modified by the Federal Parity Act and certain provisions of the Affordable Care Act;

6.  Award E.S. and the Class their attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

7.  Award such other relief as is just and proper.

Dated:  May 11, 2017                                DAVID TYKULSKER & ASSOCIATES

 By:  *s/ David Tykulsker*
DAVID TYKULSKER (2609)
161 Walnut St.
Montclair, NJ  07042
(973) 509-9292 (Telephone)
(973) 509-1181 (Facsimile)
 Email: david@dtesq.com

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

By: *s/ Eleanor Hamburger*
By: *s/ Richard E. Spoonemore*
Eleanor Hamburger (WSBA #26478)
Richard E. Spoonemore (WSBA #21833)
*(pro hac vice application to follow)*
701 Fifth Avenue, Suite 2560
Seattle, WA  98104
Tel. (206) 223-0303
Fax (206) 223-0246
Email:   rspoonemore@sylaw.com
         ehamburger@sylaw.com
Attorneys for Plaintiff

## CERTIFICATION REGARDING OTHER ACTIONS AND PARTIES

Pursuant to L.Civ.R. 11.2, the undersigned are unaware of any other action, arbitration or administrative claim related to the matters in controversy set forth in the instant Complaint.

Pursuant to 28 U.S.C. § 1746(2), the undersigned certify under penalty of perjury that the foregoing is true and correct.


Dated: May 11, 2017                    DAVID TYKULSKER & ASSOCIATES

                                        By: *s/ David Tykulsker*
                                       DAVID TYKULSKER (3609)
                                       161 Walnut St.
                                       Montclair, NJ  07042
                                       (973) 509-9292 (Telephone)
                                       (973) 509-1181 (Facsimile)
                                        Email: david@dtesq.com

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

By: *s/ Eleanor Hamburger*
By: *s/ Richard E. Spoonemore*
Eleanor Hamburger (WSBA #26478)
Richard E. Spoonemore (WSBA #21833)
*(pro hac vice application to follow)*
  701 Fifth Avenue, Suite 2560
  Seattle, WA  98104
  Tel. (206) 223-0303
  Fax (206) 223-0246
  Email:  rspoonemore@sylaw.com
          ehamburger@sylaw.com
Attorneys for Plaintiff